

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711
May 5, 1967

Hon. W. S. Heatly
Chairman
Committee on Appropriations
House of Representatives
Austin, Texas

Opinion No. M-66

Re: If the Legislature passes a
general appropriation bill for
one year only, does Article III,
Section 49a of the Texas
Constitution require sufficient
cash and revenue to become
available during the one-year
period covered by the bill?

Dear Sir:

We are in receipt of your letter of May 3, 1967, in which
you request our opinion on the following question:

"In the event the Legislature passes a general appropriation
bill for one year only, does the Constitutional provision
in question (Section 49a of Article III) require that suf-
ficient cash and revenue become available during the one-
year period covered by the bill?"

It is our opinion that the answer to your question must be in
the affirmative.

At the General Election November 3, 1942, Article III of the
Constitution of Texas was amended by adding thereto a new section
designated Section 49a which provides in part that except for a
finding of an emergency, and an imperative public necessity and
"with a 4/5 vote of the total membership of each House, no appro-
priation in excess of the cash and anticipated revenue of the
funds from which such appropriation is to be made shall be valid",
and "no bill containing an appropriation shall be considered as
passed or be sent to the Governor for consideration until and unless
the Comptroller of Public Accounts endorses his certificate thereon
showing that the amount appropriated is within the amount estimated
to be available in the affected funds."

In Attorney General Opinion No. O-5135, 1945, this office held
that the above Constitutional provision does mandatorily require the
State to operate on a "cash basis" from and after January 1, 1945.
The following observation was made therein in construing this
Constitutional provision:

"The people, in adopting the amendment, evidently
had that purpose in mind, otherwise the amendment
would serve no purpose whatever, and it will not
be presumed that the Legislature in submitting the
amendment to the Constitution, and the people in

> adopting it, would do a useless thing. That
> the Legislature in submitting the amendment (and
> the people in voting for it) intended that the
> purpose was to place the State on a cash basis
> is manifest from the language of the form of
> ballot contained in the resolution (H.J.R. No. 1)
> submitting the amendment ..."

It is settled law that in construing such a Constitutional provision that it should be construed as it was understood by the average voter when he cast his ballot for or against it. In Brady v. Brooks, 89 S.W. 1052, the following statement was made:

> "The voters, as a rule, are unlearned in law
> and, as persons of this class would reasonably
> construe the Constitution upon which they vote,
> such ought to be the construction of the courts."

It is, therefore, our duty to apply this rule of construction to the meaning of the Constitutional provision in question and in doing so we must conclude that the voters evidently understood that the purpose of the amendment was to limit the authority of the Legislature to appropriate money in excess of the cash and anticipated revenues or, in other words, the average voter unlearned in the law understood that its purpose was to place the State on a "cash basis".

It is a matter of common knowledge that prior to 1942 and beginning in the early 1930's, the State operated in the "red" continually and employees of the State had to discount their warrants at the end of each month at a loss to them. Until this Constitutional provision was enacted, the State was never able to get out of the "red" and operate on a cash basis.

It is our opinion that the Constitutional provision imposes a duty upon the Comptroller which is self-enacting and no further legislation was required in this respect.

When the Comptroller of Public Accounts endorses his certificate upon a bill showing that the amount appropriated is within the amount estimated to be available, we believe that the spirit and intent of the Constitutional provision requires that the amount appropriated for the particular year is within the amount estimated to be available within said year and not some other year.

## SUMMARY

In the event the Legislature passes a general appropriation bill for one year only, Article III, Section 49a, Constitution of the State of Texas, requires that sufficient cash and revenue become available during the one-year period covered by the bill.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Kerns Taylor
Assistant Attorney General

KT:sss

APPROVED:

OPINION COMMITTEE

Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman
John Grace
Houghton Brownlee
Robert L. Towery
J. C. Davis

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.